IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| FINANCIAL RECOVERY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, MARGARET ROBISON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MARGARET ROBISON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ballwin, County of St. Louis, State of Missouri.

5. The debt that Plaintiff was originally allegedly obligated to pay was a debt allegedly owed by Plaintiff to Direct Merchants Bank, N.A. (hereinafter, "the Debt").

1

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, the Debt was purchased, acquired and/or otherwise obtained by Galaxy Portfolios, LLC.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. FINANCIAL RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of Minnesota.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    ALLEGATIONS

15.    In May 2012, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt.

16.    In the correspondence Defendant sent to Plaintiff, in May 2012, Defendant informed Plaintiff she had thirty (30) days to inform Defendant, in writing, that she disputed the validity of the Debt.

17.    On or about June 6, 2012, within thirty (30) days of Plaintiff having received Defendant's correspondence, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

18.    Defendant and Plaintiff then engaged in a telephone conversation wherein Defendant told Plaintiff she had to pay the Debt.

19.    Plaintiff informed Defendant that she disputed owing the Debt.

20.    Plaintiff further informed Defendant that she had previously reached a settlement relative to the Debt with the original creditor to whom the Debt was allegedly owed.

21.    Plaintiff told Defendant that she had paid the full amount of the settlement she had reached with the original creditor relative to the Debt.

22.    Plaintiff told Defendant that she did not owe the Debt.

23.    Plaintiff told Defendant that she would not pay any additional funds relative to the Debt.

24.    Defendant told Plaintiff that she had one (1) week to provide Defendant with documentation to show that she did not owe the Debt.

25. Defendant's representation to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that it was Plaintiff's responsibility to demonstrate to Defendant whether the Debt it was attempting to collect from Plaintiff was valid.

26. Defendant's representation to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that it was Plaintiff's responsibility to provide Defendant with documentation to demonstrate whether the Debt it was attempting to collect from Plaintiff was valid.

27. Defendant's representation to Plaintiff, as delineated above, was false, deceptive and/or misleading given that had Plaintiff sent a written request to Defendant, within thirty (30) days of having received Defendant's correspondence, Defendant would have been required to provide Plaintiff with documentation to demonstrate whether the Debt was valid.

28. Subsequent to Plaintiff having informed Defendant that she refused to pay the Debt and despite Plaintiff having provided Defendant with information to indicate she did not owe the Debt, Defendant continued to attempt to collect the Debt from Plaintiff.

29. On or about June 16, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

30. On or about June 16, 2012, Defendant initiated a telephone call to Plaintiff prior to 8:00 a.m., Central Time, in an attempt to collect the Debt.

31. On or about June 16, 2012, at the time Defendant initiated the aforesaid telephone call to Plaintiff, Plaintiff was residing in the Central Time zone.

32. Defendant knew or reasonably should have known that it would be inconvenient for Plaintiff to receive a debt collection telephone call from Defendant, prior to 8:00 a.m., Central Time.

4

33. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARGARET ROBISON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

                                                Respectfully submitted,
                                                **MARGARET ROBISON**


                                      By:    s/ David M. Marco
                                                   Attorney for Plaintiff

Dated: January 10, 2013

David M. Marco (Atty. No.: 6273315IL)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com